IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD P. BROWN, SR. : | |
| : | |
| Plaintiff, : | CIVIL ACTION |
| : | |
| : | NO. 09-2909 |
| v. : | |
| : | |
| POLICE OFFICER ERIC [COHN], : | |
| and : | |
| POLICE OFFICER [RAGEN] MILLER, : | |
| and : | |
| ALBERT EINSTEIN MEDICAL CENTER, : | |
| : | |
| Defendants. : | |
| : | |

## DEFENDANTS POLICE OFFICER ERIC COHN'S AND POLICE OFFICER RAGEN MILLER'S MOTION TO DISMISS

NOW, this _____ day of _____, 2009, upon consideration of Defendants Police Officer Eric [Cohn's] and Police Officer [Ragen] Miller's Motion to Dismiss and upon consideration of the briefs of the parties,

**IT IS ORDERED** that the motion is granted and the case against Defendants Police Officer Eric Cohn and Police Officer Ragen Miller is dismissed with prejudice.

BY THE COURT:

_____

IN THE UNITED STATES DISTRICT COURT
                 FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DONALD P. BROWN, SR.** : | |
| : | |
| Plaintiff, : | CIVIL ACTION |
| : | |
| : | NO.   09-2909 |
| v. : | |
| : | |
| **POLICE OFFICER ERIC [COHN],** : | |
| and : | |
| **POLICE OFFICER  [RAGEN] MILLER,** : | |
| and : | |
| **ALBERT EINSTEIN MEDICAL CENTER,** : | |
| : | |
| Defendants. : | |
| : | |

**MEMORANDUM OF LAW IN SUPPORT OF  DEFENDANTS POLICE OFFICER ERIC COHN'S AND POLICE OFFICER RAGEN MILLER'S MOTION TO DISMISS**

**I.    INTRODUCTION**

Plaintiff Donald P. Brown, Sr. filed a 42 U.S.C. § 1983 action alleging that the defendants, Philadelphia Police Officers Eric Cohn and Ragen Miller violated Brown's rights under the Pennsylvania Constitution.[1]  Brown has asked the Court to award him monetary damages and to "exonerate [Brown's] name for false and untrue charges."  See Pro se Complaint of Donald Brown, p.4.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), this Court should dismiss Brown's entire complaint for failing to state claims upon which relief can be granted.  There are three independent reasons supporting dismissal as a matter of law.  First, § 1983 provides a remedy for violations of federal, not state constitutional rights.  Brown's complaint only alleges violations of

---

[1] Brown used a template titled,  "FORM TO BE USED BY A PRISONER FILING A 42 U.S.C. § 1983 CIVIL RIGHTS COMPLAINT IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA."  Pro se Complaint of Donald Brown, p. 1.

his Pennsylvania constitutional rights.  Second, Pennsylvania courts uniformly recognize that there is no right to monetary relief based on violations of the Pennsylvania Constitution.  Lastly, Brown cannot challenge a state-court conviction in a § 1983 action.

II.     FACTS

Only July 1, 2007, Plaintiff Donald Brown was arrested (and later convicted) for committing the Pennsylvania crimes of recklessly endangering another, possession of an instrument of crime, simple assault, resisting arrest, and making terroristic threats with intent to terrorize another.  The defendants, Philadelphia Police Officers Eric Cohn and Ragen Miller, arrested Brown for committing these crimes.  On July 9, 2009, Brown filed a § 1983 claim against the defendants claiming that their actions during the arrest were "violations of the Constitution of the Commonwelth [sic] of Pennsylvania . . . ."  See Pro se Complaint of Donald Brown, p. 5.  Brown alleges that he was "brutally beaten . . . so bad that Officer [Cohn] broke his baton . . . and this all occurred while [Brown] was handcuffed."  Id. at p. 4.  Brown further alleges that he has suffered permanent bodily injury as a result of the arrest.

III.    LEGAL STANDARD

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must take all allegations contained in the complaint as true and construe them in the light most favorable to plaintiff.  H. J. Inc. v. Northwestern Bell Tel. Co., 492 U. S. 229, 109 S. Ct. 2893, 2906 (1989); Rocks v. City of Philadelphia, 868 F.2d 644, 645 (3d Cir. 1989).  The Court should consider the allegations in the complaint, accepting as true the facts alleged in the complaint and all reasonable inferences that can be drawn from them.  See Markowitz v.

Northeast Land Co., 906 F.2d 808, 812 (3d Cir. 1990).

The United States Supreme Court recently revisited the long-existing standards of Conley v. Gibson, 355 U.S. 41 (1957), that applied to reviewing motions to dismiss under Rule 12(b)(6) in Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007). In Twombly, an antitrust case, the Supreme Court rejected the language in Conley, providing that a District Court may not dismiss a complaint "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. at 1968-70. "[A] plaintiff's obligation to provide the grounds of his entitled to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1964-65 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986) ("on a motion to dismiss, courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'")).

The Third Circuit has addressed the standard for a motion to dismiss in light of Twombly, and has determined that the following standard applies when considering motions to dismiss: "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine, whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (To state a claim, a plaintiff must state "enough factual matter (taken as true) to suggest the required element, [which] does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Id. at 234. In other words, "the allegations of the complaint should plausibly suggest that the pleader is entitled to relief." Sovereign Bank v. BJ's Wholesale Club, Inc., 533 F.3d 162, 173 n.7 (3d Cir. 2008).

The Third Circuit has applied its reading of Twombly to a variety of legal claims. In

Phillips, supra, a case brought under 42 U.S.C. § 1983, the Court held that Twombly's "plausibility" standard is not restricted to antitrust cases. 515 F.3d at 234. In Wilkerson v. New Media Technology Charter School, Inc., 522 F.3d 315, 322 (3d Cir. 2008), the Third Circuit extended Phillips to an employment discrimination case. Similarly in Sovereign, supra, the Court applied Twombly's plausibility standard and its holding in Phillips to a complaint alleging negligence and breach of contract.

IV.   ARGUMENT

   A. Section 1983 does not provide remedies for violations of state constitutional rights.

Brown's claims should be dismissed because § 1983 does not provide a remedy for violations of state constitutional rights. Kuhns v. City of Allentown, 636 F. Supp. 2d 418, 435 (E.D. Pa. 2009) (citing Laney v. Farley, 501 F.3d 577, 580 n.2 (6th Cir. 2007)). To state a claim under § 1983, a plaintiff must allege a deprivation of a "federal constitutional or statutory right by a state actor." Leshko v. Servis, 423 F.3d 337, 339 (3d Cir. 2005).

For example, in Kuhns v. City of Allentown, the plaintiff brought a § 1983 claim alleging that the defendants violated the Pennsylvania Constitution's guarantee of freedom of religion and expression. Kuhns, 636 F. Supp. 2d at 421. This Court stated, "Allegations of state law or state constitutional violations will not support a § 1983 claim." Id. at 435. Accordingly, this Court dismissed the plaintiff's § 1983 claim because they were based on the Pennsylvania Constitution. Id. at 421.

In the present case, Brown's § 1983 complaint asserts that the defendants violated his rights under the "Constitution of the Commonwealth [sic] of Pennsylvania," and lists each state constitutional right that was allegedly violated. However, § 1983 does not provide a remedy for

alleged violations of Brown's state constitutional rights. Therefore, the Court should dismiss Brown's complaint for failing to state a valid claim.

   B. <u>A plaintiff has no right to monetary relief for violations of the Pennsylvania Constitution.</u>

Brown is asking the court to award monetary damages. However, the federal and state courts in Pennsylvania have widely held that a plaintiff cannot recover money damages for alleged violations of the Pennsylvania Constitution. <u>Jones v. City of Philadelphia</u>, 890 A.2d 1188 (Pa. Commw. Ct. 2006). Therefore, Brown's claim must fail because a court could not give him monetary relief as a matter of law.

In <u>Jones v. City of Phila.</u>, the Pennsylvania Commonwealth Court held that the Pennsylvania Constitution does not embody a private cause of action for monetary damages. 890 A.2d at 1216 (Pa. Commw. Ct. 2006). Neither Pennsylvania statutory authority nor appellate case law has authorized the award of monetary damages for a violation of the Pennsylvania Constitution. <u>Id.</u> at 1208. Moreover, Pennsylvania has no statute akin to § 1983 that authorizes lawsuits based on violations of the Pennsylvania Constitution.

After the Commonwealth Court's holding in <u>Jones</u>, the federal district courts in Pennsylvania have consistently dismissed claims for monetary relief based on alleged violations of the Pennsylvania Constitution. In <u>Bowers v. City of Philadelphia</u>, this Court stated that "claims for damages under the Pennsylvania Constitution fail as a matter of law." 2008 U.S. Dist. LEXIS 100742, 27-28 (E.D. Pa. Dec. 12, 2008) (citing <u>Stockham Interests, LLC v. Borough of Morrisville</u>, No. 08-3431, 2008 U.S. Dist. LEXIS 93152 (E.D. Pa. Nov. 12, 2008) (holding that "there is no private cause of action for damages arising from violations of the Pennsylvania Constitution," and granting defendant's request "to deny any monetary relief arising out of violations of the Pennsylvania Constitution"); <u>Alvarez v. City of Phila.</u>, No. 07-

0493, 2008 U.S. Dist. LEXIS 72581 (E.D. Pa. Sept. 23, 2008) (granting summary judgment in favor of defendant since "Pennsylvania does not recognize a private right of action for monetary damages for violation of the Pennsylvania Constitution"); Douris v. Schweiker, 229 F. Supp. 2d 391, 405 (E.D. Pa. 2002) (explaining that although the [Supreme Court of Pennsylvania] has not yet addressed the issue, federal courts have consistently held that no private cause of action for damages is available under the Pennsylvania Constitution); Kelleher v. City of Reading, No. 01-3386, 2001 U.S. Dist. LEXIS 14958 (E.D. Pa. Sept. 24, 2001) (noting "federal courts in this Circuit . . . have concluded that there is no such private cause of action for damages under the Pennsylvania Constitution").

In the present case, Brown is seeking monetary damages for violations of his Pennsylvania constitutional rights. However, a court cannot award monetary damages for Brown's claims as a matter of law. Accordingly, this Court should dismiss Brown's claims because it could not legally grant Brown the relief he seeks.

    C. <u>A prisoner cannot use § 1983 to challenge the validity of a state-court conviction.</u>

Brown has also petitioned the court to "exonerate [his] name for the false and untrue charges brought against [him]." However, Brown cannot use a § 1983 action to appeal or overturn his conviction; he must instead file a petition in compliance with the federal habeas statutes. See Preiser v. Rodriguez, 411 U.S. 475 (1973). If a prisoner wants to challenge "the fact or length of confinement," then his sole federal remedy is a writ of habeas corpus. But if the prisoner is challenging only "the conditions of his confinement," the claim may be pursued under § 1983. Tedford v. Hepting, 990 F.2d 745, 748 (3d Cir. Pa. 1993).

Brown is asking the Court to "exonerate [his] name." Brown challenges the fact of his confinement, not the conditions of it. Habeas relief is the proper remedy for the exoneration he seeks, not § 1983. Accordingly, the Court should dismiss Brown's claim for "exoneration."

**V.     CONCLUSION**

For the reasons above, Defendants' motion to dismiss should be granted and Plaintiff's claims against ERIC COHN and RAGEN MILLER should be dismissed with prejudice.

Respectfully Submitted,

Date:  December 11,  2009      /s/  *Marcel S. Pratt, Esq.*
Marcel S. Pratt, Esq.
City of Philadelphia Law Department
Civil Rights Unit
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-5434

IN THE UNITED STATES DISTRICT COURT
                  FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD P. BROWN, SR. : | |
| : | |
| Plaintiff, : | CIVIL ACTION |
| : | |
| : | NO.   09-2909 |
| v. : | |
| : | |
| POLICE OFFICER ERIC [COHN], : | |
| and : | |
| POLICE OFFICER  [RAGEN] MILLER, : | |
| and : | |
| ALBERT EINSTEIN MEDICAL CENTER, : | |
| : | |
| Defendants. : | |
| : | |

## CERTIFICATE OF SERVICE

I, Marcel S. Pratt, do hereby certify that on this date, a true and correct copy of Defendants Eric Cohn's and Ragen Miller's Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) was electronically filed and is available for viewing and downloading from the ECF system.  A true and correct copy was also served upon the following individuals by first class mail on December 10, 2009, postage prepaid, as follows:

**Donald P. Brown Sr.** (Pro Se Plaintiff)
Prison Identification No.: HN-3777
SCI Huntingdon
1100 Pike Street, Huntingdon, PA 16654

Respectfully Submitted,

Date:  December 10,  2009

 /s/  *Marcel S. Pratt, Esq.*       _
Marcel S. Pratt, Esq.
City of Philadelphia Law Department
Civil Rights Unit
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-5434