IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DONALD P. BROWN, SR.,** | : | **CIVIL ACTION** |
| Plaintiff, | : | |
| | : | |
| | : | **NO. 09-2909** |
| | : | |
| **ERIC COHEN, et al.,** | : | |
| Defendants. | : | |

**M E M O R A N D U M**

**STENGEL, J.**                                                                                      **June 11, 2012**

Donald Brown alleges that police officer defendants Erik Cohn and Ragen Miller arrested him without reason on July 1, 2007, beat him, and then failed to ensure that he received adequate medical care for his injuries. Brown was subsequently convicted of Aggravated Assault on Officer Cohn and Officer Miller, Simple Assault, and Resisting Arrest in the Pennsylvania Court of Common Pleas. The defendants filed a motion for summary judgment on the remaining claims in this action.[1] For the following reasons, I will grant the defendants' motion for summary judgment.

**I.     BACKGROUND**

On July 1, 2007, at about 6:30 a.m., Officer Cohn[2] and Officer Miller were on routine patrol in a marked police cruiser in the area of 3100 North 26th Street, Philadelphia, Pennsylvania. <u>Commonwealth v. Donald Brown</u>, CP-51-CR-0014316-

---

[1] Pursuant to my Order of May 25, 2011 (Doc. No. 36), the following claims remain: Count I asserting a violation of 42 U.S.C. § 1983 insofar as it alleged a violation of the Fourth Amendment for false arrest and false imprisonment; a violation of the Fourth Amendment for excessive use of force; a violation of the Fourteenth Amendment for reckless disregard of a need for medical treatment; and Count III asserting state law claims for false imprisonment, false arrest, malicious prosecution, and assault and battery.

[2] Officer Cohn is incorrectly named "Officer Cohen" in the second amended complaint.

2007, at 3 (Pa. Super. Ct. June 11, 2009).  The officers received a radio dispatch for "a man with a knife at 3011 North Taney Street" and drove to that address.  Id.  This was the second time the officers went to that address because earlier in the evening the officers responded to a domestic disturbance at the residence.  Id.  When the officers arrived the second time, the Officers again spoke with Brown's girlfriend and her daughter who informed them that Brown was carrying a knife.  Id.

The officers subsequently saw Brown running through a school yard in the 3000 block of North 26th street.  Id.  The officers finally caught up to him on the 3100 block of North 26th Street.  Id.  According to Officer Cohn, Brown was told to stop but he continued to run between parked cars.  Id.  Officer Miller pursued Brown on foot while Cohn tried to cut him off with the police cruiser.  Officer Miller finally was able to catch up to Brown and grab his left arm.  Id.  Officer Cohn got out of her vehicle while Officer Miller attempted to handcuff Brown, but Brown began swinging at the officers in a wild manner.  Id.  Officer Cohn deflected some of the swings with her baton and then struck Brown in the leg, causing the baton to break.  Id.  The officers eventually were able to subdue Brown and arrest him.  Id.  The officers took Brown to the hospital.  Id.

Brown was charged with Aggravated Assault, Recklessly Endangering Another Person, Resisting Arrest, Disorderly Conduct, and two counts of Harassment.  Id.  At trial, Brown testified in his defense and had a different version of the events that transpired.  Id.  He claimed that he had a fight with his girlfriend but left the residence when she called the police because he was on probation and feared that he might be found in violation of the conditions of his release.  Brown Trial Tr., 41-51, Brown Dep.

31, 51. Brown testified that he ran for a couple of minutes while the officers pursued him. Id. Brown stated he was eventually struck by the police cruiser, and then apprehended without incident by Officer Miller. Trial Tr. at 41. He testified that Officer Cohn hit him over the head and body with the baton, but that he never swung at the officers. Id.

Following a bench trial in the Court of Common Pleas, the Court found for the Commonwealth and Brown was convicted of Aggravated Assault on Officer Cohn and Miller, Simple Assault, and Resisting Arrest. Commonwealth v. Donald Brown, CP-51-CR-0014316-2007, at 1 (Pa. Super. Ct. 2009). Brown appealed his conviction to the Superior Court of Pennsylvania and the conviction was affirmed on April 27, 2010. Commonwealth v. Brown, 998 A.2d 1024 (Pa. Super. Ct. 2010). Brown appealed to the Supreme Court of Pennsylvania, which denied his petition. Commonwealth v. Brown, 608 Pa. 615 (Pa. 2010). Brown exhausted his state court appeals and did not pursue habeas relief.

## II. STANDARD OF REVIEW

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual dispute is "material" only if it might affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). For an issue to be "genuine," a reasonable fact-finder must be able to return a verdict in favor of the non-moving party. Id.

The party moving for summary judgment always bears the initial burden of informing the Court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing relevant portions of the record, including depositions, documents, affidavits, or declarations, or showing that the materials cited do not establish the absence or presence of a genuine dispute, or showing that an adverse party cannot produce admissible evidence to support the fact. FED. R. CIV. P. 56(c). Summary judgment is therefore appropriate when the non-moving party fails to rebut the moving party's argument that there is no genuine issue of fact by pointing to evidence that is "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322; Harter v. GAF Corp., 967 F.2d 846, 852 (3d Cir. 1992).

Under Rule 56, the Court must view the evidence presented on the motion in the light most favorable to the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. at 255. The nonmoving party cannot avert summary judgment with speculation or conclusory allegations, such as those found in the pleadings, but rather, must present clear evidence from which a jury can reasonably find in its favor. Ridgewood Bd. of Educ. v. N.E. for M.E., 172 F.3d 238, 252 (3d Cir. 1999). Finally, in reviewing a motion for summary judgment, the Court does not make credibility determinations and must view facts and inferences in the light most favorable to the party opposing the motion. Siegel Transfer v. Carrier Express, 54 F.3d 1125, 1127 (3d Cir. 1995).

**III.    DISCUSSION**

The factual record in Brown's state criminal trial and his subsequent appeal of his conviction conclusively establish that Brown cannot maintain his Fourth Amendment, Fourteenth Amendment, or state law claims because the officers' use of reasonable force was justified when Brown attempted to swing and hit the officers with his closed fist and resist arrest.  Brown's Fourth Amendment claims must be dismissed pursuant to <u>Heck v. Humphrey</u> because Brown's criminal conviction was not reversed on appeal or called into question and success in his civil suit would require proof of facts that are entirely inconsistent with the findings made in the state criminal action.  Brown has come forth with no evidence to establish that Officer Cohn and Miller were deliberately indifferent to a serious medical need because the officers took him to Albert Einstein Medical Center immediately after they subdued Brown and effectuated an arrest.  The remaining state law claims must also be dismissed because (1) Brown's criminal conviction conclusively establishes probable cause for his arrest and (2) the officers were acting under their lawful authority when they used appropriate force against Brown.

   **A.    Pursuant to the Supreme Court's Decision in <u>Heck v. Humphrey</u>, Brown's Fourth Amendment Claims Must be Dismissed Because Success in this Civil Suit Would Invalidate His Underlying Criminal Conviction.**

Brown's Fourth Amendment claims for false arrest, false imprisonment, and excessive use of force fail as a matter of law because Brown's state court conviction was not reversed or invalidated.  To succeed under a § 1983 for damages for unconstitutional imprisonment or other harm that would necessarily render a conviction invalid, a plaintiff

5

must prove that the conviction was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). A § 1983 "claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable." Id. The court must consider whether judgment in favor of a plaintiff would necessarily imply the invalidity of his conviction, and if so, the claim must be dismissed. Id. But if the court determines that success in the action will not invalidate the underlying criminal conviction, the claim should proceed. Id.

Defendants argue that all of Brown's federal claims must be dismissed pursuant to Heck because Brown's criminal conviction was not reversed on appeal or called into question and success in the civil suit would require proof of facts that are entirely inconsistent with the findings made in the state criminal action. The defendants accurately cite the law that the district court must compare the allegations of the § 1983 claim with the elements of the crimes to which Brown was convicted to determine whether success on the § 1983 claim would negate an element of one of the criminal offenses or "proof of a fact that is inherently inconsistent with one underlying criminal conviction." The defendants fail to explain the link between the criminal statute and the elements that Brown must prove to succeed in his federal claims for false arrest, false imprisonment, and excessive use of force and instead rest on the broad assertion that Brown's civil suit "is predicated on facts which would completely negate the factual basis, and thus the outcome, of his conviction." Defs.' Mot. Summ. J. at 9.

Brown's claim for false arrest and imprisonment clearly fail as a matter of law. The Fourth Amendment prohibits arrests made without probable cause. Berg v. County of Allegheny, 219 F.3d 261, 269 (3d Cir. 2000). A cause of action for false arrest under 42 U.S.C. § 1983 exists when an arrest is made without probable cause. Dowling v. City of Phila., 855 F.2d 136, 141 (3d Cir. 1988). An arrestee also has a claim under § 1983 for false imprisonment based on a detention pursuant to that false arrest when police lack probable cause to make the arrest. Groman v. Manalapan, 47 F.2d 628, 636 (3d Cir. 1995). Here, both of Brown's claims must fail as a matter of law because, in finding him guilty of the criminal charges, the Court of Common Pleas necessarily found that the police officers had probable cause to make the arrest. In fact, the court found that "the evidence established that on July 1, 2007, Officer Cohn lawfully arrested the Defendant for assault." Commonwealth v. Donald Brown, CP-51-CR-0014316-2007, at 5 (Pa. Super. Ct. 2009).

The excessive force claim presents a closer question. The defendants fail to discuss or explain which facts in the underlying criminal action would be negated by success on the civil action excessive force claim. A cause of action exists under § 1983 when a law enforcement officer uses force so excessive that it violates the Fourth and Fourteenth Amendments. Brown v. Borough of Chambersburg, 903 F.2d 274, 277 (3d Cir. 1990). Police officers are privileged to commit a battery pursuant to a lawful arrest, but that privilege is negated by the use of excessive force. Edwards v. City of Phila., 860 F.2d 568, 572 (3d Cir. 1988). The reasonableness of the officer's use of force is measured by "careful attention to the facts and circumstances of each particular case,

including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers and others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Id.  The inquiry involves an objective assessment of reasonableness but should give appropriate scope to circumstances where law enforcement must react in a "tense, uncertain, and rapidly evolving" situations.  Id.

Brown was convicted of resisting arrest, a misdemeanor defined in 18 Pa. C.S.A. § 5104.  The code provides that "a person commits resisting arrest if, with the intent of preventing a public servant from effecting a lawful arrest or discharging any other duty, the person creates a substantial risk of bodily injury to the public servant, or employs means justifying or requiring substantial force to overcome the resistance." 18 Pa. C.S.A. § 5104.  In the underlying criminal action, the court found that "[w]hile attempting to effectuate the arrest, the Defendant intentionally swung with a closed fist and open handed, at both Officer Cohn and Officer Miller."  Commonwealth v. Donald Brown, CP-51-CR-0014316-2007, at 5.  The trial court found that Brown attempted to inflict bodily injury upon both officers by his "physical menace and violent resistance," placing "both officers in fear of imminent serious bodily injury."  Id.

The facts in the record establish that Brown was volatile and resistant when the officers attempted to effectuate his arrest.  His actions gave the officers reason to use force when attempting the arrest.  A finding that the officer's force was "excessive" would not necessarily negate the officer's justification for use of force and would not negate the underlying criminal conviction.  However, the factual record establishes that Brown's actions placed the officers in fear of imminent bodily injury, he was a physical

8

menace and put up a violent resistance, and he intentionally swung his fist at the officers. In order to succeed in his excessive force claim, Brown must establish that the officers exceeded their privilege based on an objective assessment of the severity of the crime at issue, whether Brown posed an immediate threat to the safety of the officers and others, and whether he is actively resisting arrest or attempting to evade arrest by flight. The trial court judge weighed the credibility of his testimony along with the testimony of the officers and other evidence presented by the Commonwealth. The court did believe Brown's testimony that he did not scuffle with the officers and the court found those statements to be entirely inconsistent with the other testimony and evidence presented at trial. If we were to accept Brown's deposition testimony that he did not resist arrest or scuffle with the officers, that finding would be inconsistent with the findings made in the state proceedings. Therefore, the excessive force claim must also be dismissed under Heck because it requires proof of a fact that is inherently inconsistent with the underlying criminal conviction.³ Accordingly, I will grant the defendants' motion for summary judgment on Brown's false arrest, false imprisonment, and excessive use of force claims.

    **B.**    **There is No Evidence that the Officers Were Deliberately Indifferent to A Serious Medical Need When They Immediately Took Brown to a Hospital Following His Arrest.**

Brown cannot establish that Officer Cohn and Miller were deliberately indifferent to a serious medical need because the officers took him to Albert Einstein Medical Center following his arrest. To establish a violation of his constitutional right to adequate medical care, Brown must prove (1) that the defendants were deliberately indifferent to

---

³ Additionally, even if Brown's claim was not barred by Heck, Brown's self-serving deposition testimony is not enough to establish a disputed issue of material fact in light of the Commonwealth's evidence on record.

his medical needs and (2) those needs were serious.  Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999).  Deliberate indifference is a "subjective standard of liability consistent with recklessness as that term is defined in the criminal law."  Nicini v. Morra, 212 F.3d 798, 805 (3d Cir. 2000).

There is no evidence in the record that can plausibly show that the officers were deliberately indifferent to Brown's serious medical needs.  Brown was taken to the hospital for treatment immediately following his arrest.  Brown has not claimed his treatment was delayed, but instead claims he lost consciousness and then awoke at Albert Einstein Medical Center.  Noticeably absent from the record are Brown's medical records or statements of doctors that establish his injuries were serious.  There is no testimony to establish his injuries were exacerbated or caused by a delay in treatment.  Brown does not contest the defendants' motion for summary judgment on this ground.  Brown was taken directly to Albert Einstein Medical Center and I will grant summary judgment in favor of the defendants on Brown's deliberate indifference claim under the Due Process Clause of the Fourteenth Amendment.

### C. The Remaining State Law Claims Fail Because Brown's Subsequent Criminal Conviction Establishes that the Officers Had Probable Cause to Arrest Him and the Officers' Actions were Lawful.

Brown's state law claims for false imprisonment, false arrest, malicious prosecution, and assault and battery fail because (1) his criminal conviction conclusively establishes probable cause for the arrest and (2) the officers were acting under their lawful authority when they used appropriate force against Brown.  To prove malicious prosecution, Brown must establish (1) a lack of probable cause and (2) favorable

termination in the underlying criminal matter.  False arrest and false imprisonment require a finding of an unlawful arrest or detention.  Brown's conviction conclusively establishes probable cause his arrest and his state law claims for malicious prosecution, false arrest, and false imprisonment must be dismissed.  Additionally, Brown's assault and battery claims fail because the officers were privileged to use force in effectuating their lawful arrest.  I will grant the defendants' motion for summary judgment on the state law claims because there was probable cause and the officers' actions were lawful.  I also note that Brown does not contest the defendants' motion for summary judgment on these claims.  Accordingly, Brown's state law claims for false imprisonment, false arrest, malicious prosecution, assault, and battery are dismissed.

## IV.     CONCLUSION

Based on the foregoing, I will grant the defendants' motion for summary judgment on all of the remaining claims in the plaintiff's second amended complaint.

An appropriate Order follows.